John OLCHOWIK, Plaintiff,

v.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, a Labor Organization, and its Local Affiliate, Local 80 Sheet Metal Workers' International Association, Defendants.

Civ. A. No. 86–CV–72283–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 4, 1986.

Robert J. Dinges, James R. Murphy, Detroit, Mich., for plaintiff.

Donald J. Prebenda, Roger J. McClow, Southfield, Mich., Donald W. Fisher, Toledo, Ohio, for defendants.

## ORDER

JULIAN ABELE COOK, Jr., District Judge.

On October 6, 1986, this Court denied the Motion to Dismiss or in the Alternative for Summary Judgment of Defendants, Sheet Metal Workers' International Association and Local 80 Sheet Metal Workers' International Association. On October 16, 1986, Local 80 moved to alter or amend that Order. The matter is now before this Court for review.

## I.

The Complaint of Plaintiff, John Olchowik, alleges that Local 80 and Sheet Metal terminated his union membership for reasons other than non-payment of dues, without (1) serving him with written and specific charges, (2) giving him a reasonable time in which to prepare his defenses, and (3) affording him a full and fair hearing. As a result, he believes that Local 80 and Sheet Metal violated his federal right against improper disciplinary action.

In their motion, Local 80 and Sheet Metal argue that Olchowik's cause of action, which allegedly arose on or about June 21, 1985, is subject to a six month statute of limitations. *Del Costello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Local 80 and Sheet Metal, although acknowledging that the applicable period of limitations was tolled while Olchowik pursued his union appeals, assert that such tolling cannot last more than four months. 29 U.S.C. § 411(a)(4). Thus, they reason that since Olchowik did not file his Complaint until May 29, 1986, his claim is time-barred.

Olchowik's cause of action is based upon 29 U.S.C. § 411(a)(5) which created safeguards against improper disciplinary action against members of labor organizations. *Robertson v. Banana Handlers Intern. Longshoremen's Ass'n, Local Union 1800 AFL–CIO*, 183 F.Supp. 423 (D.C.La.1960). Defendants believe that the *Del Costello* six month limitations period is applicable here. However, this Court believes that the instant case and *Del Costello* are factually distinct. *Del Costello* was a hybrid Section 301/fair representation suit that had been brought by an employee against his employer and his union. *Del Costello*, 103 S.Ct. at 2285. Here, Olchowik is only suing the union for the improper imposition of disciplinary action in violation of his federal rights. Thus, Olchowik's suit has neither alleged that his employer breached a provision of the collective bargaining agreement nor that the union breached its duty of fair representation by mishandling the grievance and arbitration proceeding. *Id.* (defining hybrid suit).

## II.

Although Defendants have styled their pleading as a Motion to Alter or Amend Judgment, it is, in reality, a request for the reconsideration of the October 6, 1986 order of this Court. Under such circumstances, Local Court Rule 17(m)(3) governs:

Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

## III.

■ The first question to be resolved is whether this Court should extend *Del Costello* to apply to actions which assert a violation of 29 U.S.C. § 411(a)(5). It is important to note that there are no express limitations periods for suits which have been brought under the Labor Management Relations Report and Disclosure Act (MRDA), 29 U.S.C. § 401 *et seq.* Therefore, a federal court must "borrow" the most appropriate limitations period from some other source. *Del Costello*, 462 U.S. 151, 103 S.Ct. 2281. Generally, this involves the application of the limitations period of the most closely analogous state action. *Id.*

■ *Del Costello* borrowed a six month statute of limitations from Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). Several courts, having followed *Del Costello*, applied that same limitations period to those suits which have been brought under Section 412. *See Davis v. United Auto, Aerospace & Agriculture*, 765 F.2d 1510, 1513–14 (11th Cir. 1985). This Court believes that the six month limitations period of Section 10(b) of the NLRA should apply to those suits which have been brought under Section 411(a)(5) of the LMRDA. This belief is based upon the conclusion that the national interest in a peaceful relationship between labor and management, the desire for a reasonably speedy resolution of labor disputes, and the need for a finality of private settlements outweigh an employee's interest against being subjected to disciplinary proceedings which are not conducted in accordance with due process criteria. As a result, this Court holds that the six month limitations period of 29 U.S.C. § 160(b) applies to LMRDA actions which are based upon an alleged violation of 29 U.S.C. § 411(a)(5). *But see Doty v. Sewall*, 784 F.2d 1 (1st Cir.1986).

■ As *Adkins v. Intern. Union Elec. Radio & Mach.*, 769 F.2d 330, 335 (6th Cir.1985) teaches, the limitations period began to run at the time when Olchowik knew or should have known of the alleged discriminatory act. In cases which have been brought under Section 411(a)(5), the alleged discriminatory act is the fining, suspension, expulsion or other disciplinary action (excluding nonpayment of dues) of a union member. Here, Olchowik received a letter, dated June 21, 1985, from Local 80 which informed him of his expulsion. As a result, this Court determines that his cause of action accrued on the date of his actual or constructive receipt of the letter.

Unless tolled, Olchowik's cause of action is time-barred because he filed his Complaint on May 29, 1986, over ten months after the alleged unfair labor practice. Olchowik believes that his action has been tolled because he is still seeking an exhaustion of his internal union remedies by taking the following actions: (1) on July 10, 1985, he appealed Local 80's decision to the SMWIA President, Edward J. Carlough. (2) the decision of Local 80 was upheld on September 18, 1985; (3) on September 26, 1985, he asked Carlough to reconsider his decision; (4) on October 18, 1985, Carlough denied Olchowik's reconsideration request; and (5) on September 26, 1985, he asked the General Executive Council to review Carlough's decision of September 18, 1985.

The last appeal has not been acted upon by the General Executive Council as of this date and provides a source of disagreement between the parties. Olchowik suggests

that the limitations period is tolled until the General Executive Council makes a final decision on his appeal. On the other hand, Defendants contend that his cause of action is tolled only to the extent that it is allowed by 29 U.S.C. § 411 (a)(4), which provides:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: *And provided further,* That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition. (emphasis provided)

 This Court disagrees with both parties. Olchowik cannot indefinitely explore his internal union remedies as he would have this Court rule. Section 411(a)(4) places a limitation of four months upon an exhaustion of inter-union remedies. *Ornellas v. Oakley,* 618 F.2d 1351 (9th Cir.1980). That exhaustion requirement is intended to provide protection for the union member against any abuse or undue delay in the union's internal procedures. *Wiglesworth v. Teamsters Local Union No. 592,* 552 F.2d 1027 (4th Cir. 1976), *cert. denied,* 431 U.S. 955, 97 S.Ct. 2676, 53 L.Ed.2d 271 (1977). *See e.g., Carroll v. Associated Musicians of Greater New York Local 802,* 235 F.Supp. 161 (D.C. N.Y.1963). Therefore, this Court holds that Olchowik's pursuit of his internal union appeals tolled the limitations period.

That tolling, however, cannot last indefinitely. A union member, who seeks the vindication of his right, need not exhaust remedies when he may be prejudiced by the delay involved. *Cefalo v. International Union of Dist. 50 United Mine Workers of America,* 311 F.Supp. 946 (D.C. D.C.1970). In the instant case, Olchowik acted correctly when he filed his Complaint with this Court.

## IV.

Accordingly, this Court denies the Defendants' Motion to Alter or Amend Judgment. They have not proven the required "palpable defect." Local Rule 17(m)(3).

IT IS SO ORDERED.